### HARDEMAN et al. v. HENDRIX.

#### In re GEORGIA REALTY CO.

Circuit Court of Appeals, Fifth Circuit. December 11, 1928.

Rehearing Denied January 12, 1929.

No. 5468.

George Starr Peck, of Atlanta, Ga., for appellants.

Orville A. Park, of Macon, Ga. (Carl N. Davie, of Atlanta, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. In a lease of improved city real estate, executed in 1923 for a term of 50 years, which reserved a stipulated monthly rental, the lessee, Georgia Realty Company, agreed to pay, "as a part of the rental of said property," all taxes and assessments for sidewalks, paving, etc., during the term of the lease. The realty company failed to pay taxes for the years 1925 and 1926, and a sidewalk assessment which accrued in 1925, and was adjudged a bankrupt in August of 1926. The taxes became liens as of the first of the year for which they were assessed, and the sidewalk assessment created a lien as of its date. The assessments for taxes and for the cost of the sidewalk were all made against the realty company as lessee. The leased premises remained in the possession of the trustee in bankruptcy of the lessee's estate until November of 1926, when by order of the referee they were abandoned as burdensome property.

The District Judge ordered the stipulated monthly rental paid as an expense of administration during the time the trustee remained in possession of the premises, but denied a petition of the lessors, which prayed for an order requiring the trustee to pay the taxes and the sidewalk assessment as liens entitled to priority under the Bankruptcy Act, 11 USCA § 104 (a); as amended by the Act of May 27, 1926, 44 Stat. 666. The lessors appeal from the order denying their claim of priority.

The taxes which are required to be paid in full before dividends are paid to creditors by the Bankruptcy Act, 11 USCA § 104 (a), are the taxes legally due and owing by the bankrupt, and that section has reference to property of which the bankrupt is the owner. The taxes here in question were assessed, not against the leaseshold estate of the bankrupt, but against the fee-simple estate of the lessors. The taxes constituted liens against the fee, notwithstanding the fact that they were assessed in the name of the bankrupt as lessee. It is immaterial that the bankrupt had an estate which was taxable, but which in reality was not taxed. The amendment of May 27, 1926, is not applicable, since it has reference only to a tax assessed

against the real estate of the bankrupt in excess of the value of his interest or estate therein. The sidewalk assessment likewise was against the interest of the lessors. The bankrupt agreed to pay both the taxes and the sidewalk assessment as a part of the rent, and his failure to do so was no more than a breach of contract. The balance due by the bankrupt is for rent, and doubtless con-stitutes a provable claim, but it cannot be given the priority that attaches to taxes due and owing by a bankrupt on his property.

The order appealed from is affirmed.